*204 JUSTICE KOONTZ, with whom JUSTICE COMPTON and JUSTICE KINSER
join, dissenting.
I respectfully dissent. The majority acknowledges that the General Assembly has placed a heavy burden on people who undertake to prove that a decedent is their biological father. This burden of proof is appropriate because obviously a decedent no longer can speak in defense of the asserted paternity. Here, in my view, Sheila A. Eley and Nathan A. Eley have failed to establish by clear and convincing evidence, which was their burden under Code § 64.1-5.1, that Bobby Julius Jones, deceased, was their biological father.
Code § 64.1-5.2, although permitting other evidence, provides statutory evidentiary factors sufficient to establish that a man is the biological father of children bom out of wedlock. In the present case, none of these factors was proved. Thus, there is no evidence that Bobby openly cohabited with the Eleys’ mother, Alice Eley, during the ten months immediately prior to Sheila’s birth in 1958 or during the ten months immediately prior to Nathan’s birth in 1960; that Bobby consented that his name be used as the father upon the Eleys’ birth certificates; that Bobby allowed the use of his surname by the Eleys; that Bobby claimed the Eleys as his children on any statement, tax return, or other document filed with a government; that Bobby admitted before any court that he was the Eleys’ father; that Bobby admitted paternity in writing, under oath; or that any genetic blood grouping test or other medical evidence established paternity.
In addition, the record reflects that on one occasion during Bobby’s lifetime and the Eleys’ minority, Alice unsuccessfully petitioned a juvenile and domestic relations district court to order him to pay support for the Eleys. Although the record is silent with respect to the basis for the dismissal of this petition, it nevertheless establishes that on that occasion Alice was not successful in proving that Bobby was the Eleys’ biological father.
It is in this context that we must consider whether the other evidence, relied upon by the trial court and the majority, rises to the level of clear and convincing evidence of the asserted paternity. The Eleys’ evidence establishes that they were the objects of Bobby’s affection and his financial support and that in many ways Bobby’s conduct toward the Eleys was consistent with a relationship between a father and his children. The existence of that relationship is further supported by Bobby’s cohabitation with the Eleys’ mother during the seven years preceding his death and the financial benefits he provided for the Eleys at the time of his death. However, when this *205 evidence is considered against the failure of the Eleys’ to prove any one of the express statutory factors to support a finding of paternity under Code § 64.1-5.2, coupled with the evidence that Alice was not successful in proving that paternity in the juvenile and domestic relations district court proceeding during Bobby’s lifetime, it falls short of the required clear and convincing standard of proof. See Fred C. Walker Agency, Inc. v. Lucas, 215 Va. 535, 540-41, 211 S.E.2d 88, 92 (1975).
For these reasons, I would reverse the judgment of the trial court and enter final judgment for the co-administrators of Bobby’s estate.